5 U.S. 110 (____)
1 Cranch 110
JACOB RESLER
v.
JAMES SHEHEE.
Supreme Court of United States.

*111 The cause was, at this term, argued by C. Lee, for plaintiff in error, and Simms and Mason, for defendant.
*113 CHASE. J.
Have the rules of the Virginia courts been adopted in the circuit court?
*114 Lee. I conceive the circuit court of Alexandria to be in the same situation as the district court at Richmond. And, as I understand the act of congress, they are obliged to adopt the practice of the courts of Virginia, except where the circuit court has actually made a different rule.
*115 *Simms, for defendant in error.
I will not deny that the courts of Virginia have gone the length stated in Washington's Reports. They have used their discretion, and have considered whether the plea offered tends to the justice of the cause, or whether it is intended only for delay. In this case, the time having passed when the defendant could file his plea as a matter of right, it was entirely in the discretion of the court to admit or reject it.
It is certainly not a sufficient justification for the defendant to say that the magistrate committed the plaintiff; for that neither destroys the evidence of express malice, nor shows probable cause for the prosecution. The magistrate might have committed upon the evidence of the defendant Resler himself; so that this plea would most probably have been overruled upon demurrer, and at any rate would have created delay; for in a matter of so much consequence, it cannot be presumed that the counsel for the plaintiff could at once determine whether to demur or to join issue.
The defendant was not precluded from making a proper defence. He might have shown probable cause on the general issue, for the gist of the action is the want of probable cause; and the court had the power of instructing the jury whether such cause was shown or not. Bull. N.P. 14.
It is said that the plea was offered in a reasonable time. It cannot surely be said that three days in the hurry of the court is a reasonable time to answer such a plea  so say the courts of Virginia.
This plea amounts to the general issue, and therefore ought not to have been received. The justice of the case did not require it, and it is only to promote justice that the courts have ever deviated from the precise terms of the law.
*115 Mason, on the same side.
Admitting for a moment that the practice of the Virginia courts was binding upon the circuit court, yet the *court have only exercised the same discretion which a Virginia court might have exercised. There is a particular time allowed for special pleading; after that time, the admission of a plea is discretionary with the court. The case in Washington's Reports is clear to show that it is altogether a matter of discretion. The court might have refused to receive any plea at all; for the right of the defendant to set aside the office judgment, by pleading to issue, is confined to the court next succeeding the office judgment.
But the defendant had every advantage under the general issue, which he could have had under his plea. It is extremely clear that the plaintiff must show malice, and the defendant matter of justification. The rules of practice in the courts of Virginia, are confined to Virginia. The courts of the United States are not bound by them. They have power to make their own rules.
Lee, in reply.
Our complaint is, that the inferior court has not exercised its discretion in the manner it ought to do. I use the word discretion differently from Mr. Mason. The exercise of such discretion is subject to the control of this court. If we look to the decisions of the courts in Virginia, we find that they have soundly exercised their discretionary power. The practice has constantly been to let in the parties notwithstanding any laches. Was it proper in the court to say, that although we have a right to suffer you to bring the question of probable cause before the court, and to take it from the jury, and although you wish so to do, yet we will not permit you, but will compel you to go before the jury; where facts disclosed, not pertinent to the issue, might make an improper impression?
CUSHING, J. Do you admit that the defendant might have given in evidence, under the general issue, the facts stated in the plea offered?
*116 Lee. It is sufficient for us if it was a matter of doubt. In such a case, a cautious practitioner will always take the safest method, and plead the facts specially.
*117 *There is no doubt but the court had a right to make rules of practice for itself. But not having made such a rule in this case, its discretion ought to have been guided by the practice of the Virginia courts. We therefore hope that this court will correct the indiscreet exercise of the power of the court below in this case.
The Court. It is true that the courts in Virginia have been very liberal in admitting any plea, at the next term after an office judgment, which was necessary to bring forward the substantial merits of the case, whether it was strictly an issuable plea, or not. But at a subsequent term, it is a matter of mere discretion with the court whether they will admit any special plea at all.
In the present case the facts stated in the plea offered, might have been given in evidence on the general issue; the court exercised their discretion soundly in rejecting the plea.
Judgment affirmed.