## W. H. GILLILAND AND OTHERS *vs.* JOHN E. PHILLIPS AND OTHERS.

An Act of 1830 repealed the clauses of the then existing statute declaring usurious contracts to be void and of no effect, and imposing penalties upon the lenders, and provided that every person lending "money upon unlawful interest shall be allowed to recover" the amount actually lent, which amount, "without any interest, shall be deemed and taken by the Courts to be the true legal debt or measure of damages," "to be recovered without costs;" and by an Act of 1866, "all Acts and parts of Acts limiting the rate of interest recoverable upon contracts for the use of money," were repealed: *Held,* In an action upon a bond, at usurious interest, given in 1860, when the Act of 1830 was of force, that the lender was not entitled to recover more than the amount actually lent, without interest.

The Act of 1830 did not impose a penalty, nor was it of the *lex fori.* It was of the *lex contractus,* and became part of the contract itself, avoiding all that was expressed or implied therein relative to interest, and making it a contract for payment of the sum actually lent, without interest.

A contract forbidden by statute, either expressly or by implication, cannot be enforced by the Courts, nor does it make any difference, in this respect, that since the contract was made the statute has been repealed.

An Act of the Legislature, purporting to operate retroactively upon contracts, so as to add to or diminish the rights of the parties thereto, is void.

A lender of money, at usurious interest, cannot be relieved from the legal consequences of the usury, on the ground that at the time he loaned the money contracts similar to his were quite common, and were regarded as legal, and he so regarded his.

BEFORE GLOVER, J., AT CHARLESTON, JUNE TERM, 1868.

The report of His Honor the presiding Judge is as follows:

"This action was brought on the joint and several bond of the defendants, executed on the 10th September, 1860, to the plaintiffs, as trustees of the Savings Building and Loan Association, which was incorporated after said bond was given.

" One of the plaintiffs died after the suit had been instituted. I instructed the jury that the action was properly brought in the names of the trustees, and that the death of one of them, as related, did not cause an abatement. There was no proof on the trial that the consideration moneys from the Building and Loan Association to the defendants was the purchase of negroes, but that the defendant, Phillips, obtained for his bond moneys which he applied to the purchase of negroes, and I instructed the jury that the case did not come within the Ordinance referred to in the third ground of appeal. It was admitted that the contract was usurious at the time it was made, and it was contended, by the defendants, that the contract, having been made before the repeal of the usury law, was subject to the provisions of that law; and the plaintiffs urged that the repeal of the usury law related back to their contract, and remitted the penalty which, under the usury law, would have attached to it. On this point, I instructed the jury to find in accordance with the views presented by the defendants. The jury found for the plaintiffs an amount which represented their demand, less the deductions to be made in pursuance of the provisions of the usury law."

The plaintiff appealed, and now moved this Court for a new trial, upon the following grounds:

1. That the Act of 1866, having repealed all Acts and parts of Acts limiting the rate of interest *recoverable* upon contracts for the hiring, lending or use of money, the plaintiff was entitled to recover the full amount loaned to the defendants, with interest at seven per cent., and costs of suit.

2. That, to constitute usury, there must be a corrupt and wilful intent to violate the statute fixing the legal rate of interest.—*Mortimer* vs. *Prichard*, Bail. Eq., 505. In this case it is submitted that, though the contract sued upon has been held usurious in the recent case of *Association* vs. *Bollinger*, (12 Rich. Eq., 124,) yet as, at the time it was made, such contracts were regarded as legal, and the plaintiffs had, therefore, manifestly acted without a corrupt and wilful intent to violate the statute, and under a mistake of law, they were entitled to be relieved against the consequences of the stipulation.

*Pressley, Lord & Inglesby,* for appellant.

*Magrath & Lowndes,* contra.

Oct. 9, 1869. The opinion of the Court was delivered by

MOSES, C. J. The plaintiffs rest their first ground of appeal on the following positions:

First, That the Act of 1777, as modified by the first Section of the Act of 1830, avoids the contract only as to the *excessive interest*, leaving it valid and binding as to the principal and legal interest.

Second, That the second Section of the Act of 1830 did not regulate the *lex contractus*, but the *lex fori*, and, therefore, could, at any time, be repealed by the Legislature, both as to past and future contracts.

Third, That the said second Section imposed a penalty for the violation of the usury laws.

Fourth, That the Act of 1830, imposing this penalty, having been repealed by the Act of 1866, the penalty can no longer be enforced.

Hence, they conclude they were entitled to recover the amount loaned, with interest at the rate of 7 per cent. per annum.

While the Act of 1830 (6 Stat. at Large, 409,) repeals so much of that of 1777, (4 Stat. at Large, 363,) as makes utterly void and of no effect all bonds, specialties, contracts, promises and assurances whatsoever, which reserve interest above the rate of 7 per cent. per annum, and removes the forfeiture consequent upon such reservation, it expressly enacts that every person lending money, or other commodity, upon unlawful interest, shall be allowed to recover the amount actually lent and advanced, and that the principal sum so lent or advanced, without any interest, shall be deemed and taken to be the *true legal debt*, or measure of damages to be recovered without costs.

Against this plain and express provision, it is sought to set up this bond, executed in 1859, on which more than legal interest was stipulated to be paid, because, as contended by the fourth position taken, it was but the imposition of a penalty, and the Act of 1866 (13 Stat. at Large, 463,) having repealed it, the penalty cannot be enforced.

It is a principle of law, which will not be disputed, that no contract forbidden by the express words of a statute, or by implication prohibited, can be enforced in any Court.—Smith on Contracts, 144.

The Act of 1830 restricts the recovery to the principal sum alone, and it was in view of it that the parties must be supposed to have contracted. The liability of the defendant, and the extent of the

plaintiff's recovery, must be regulated with reference to the laws in existence at the time of the contract. Any other rule of interpretation would conflict with the principles which require effect to be given to the obligation according to the intention of the parties, having relation to the law which prevails when it is entered into.

At the date of the bond the Act of 1830 was of force. If, as contended, the Act of 1866 operated to enlarge the sum to be deemed and taken as the "true legal debt," notwithstanding the plea, then the obligation of the contract would be actually impaired.

It is urged that "the Act of 1777, as modified by the first Section of that of 1830, avoids the contract only as to the excessive interest, leaving it valid and binding as to the principal *and legal interest*."

Is that, however, the legitimate effect of the Act? Is it binding, as to the legal interest, when it is declared, in express words, that "the principal sum, amount or value, *without* any legal interest, shall be deemed and taken by the Courts to be the true legal debt, or measure of damages, to all intents and purposes whatsoever?" The contract, no matter on what usurious interest founded, stands only of force for the principal sum.

What can be left for implied construction, under the Act of 1866, to revive the contract to the whole extent of the principal and legal interest, when the Act, existing when it was made, declares that it shall only stand good for the principal sum loaned? If the Legislature, in 1866, had declared that this very bond should be set up for the amount advanced, and all the accruing interest, it would have been powerless to vary, or in any way modify, the incidents and consequences which attached to it under the Act of 1830. Whatever were the rights of the respective parties under the contract, either at common law or by virtue of any statute which could act upon them, such rights were vested, and no subsequent action of the Legislature could add to or diminish them.

How can the Act of 1866 extend the interests of the plaintiffs beyond those to which they were entitled at the inception of the contract?

The repeal of the prohibitory Act does not make valid a contract entered into in violation of the Act repealed.—*Milne* vs. *Huber*, 3 McLean, 212.

Chief Justice Marshall, in *The United States* vs. *Schooner Peggy*, 1 Cranch, 110, says: "It is true that in mere private cases between

Gilliland vs. Phillips.

individuals a Court will, and ought to, struggle hard against a construction which will, by a retrospective operation, affect the rights of parties."

In our judgment, the opinion in the case of *Magwood* vs. *Duggan*, 1 Hill, 182, sustains the conclusion we have arrived at. There it was held that the Act of 1830, repealing certain clauses of the Act of 1777, and confirming an usurious contract, to the extent of the principal sum, could not give vitality to such an agreement executed before 1830.

The reasoning of the Court affirms the propositions we have relied on to show that the contract must stand by the law of force when it is made. The contract, under the Act of 1777, imposed no *obligation* on the defendant, when it was entered into. The contract, however, under the Act of 1830, did impose an obligation to pay the principal sum.

The second Section of the Act of 1830 did not regulate the *lex fori*, but the *lex contractus*. It was of the essence of the contract that, as to the matter of usury, the plaintiff should, notwithstanding, collect the principal sum loaned or advanced. As was said in *Magwood* vs. *Duggan*, " the *lex fori* regulates the mode of proceeding in the Court; the *lex contractus* directly affects the contract itself."

As to the second ground, the question before the Court and jury was, whether the bond was usurious. The jury, we are to conclude, found that more than 7 per cent. per annum was reserved, and upon this the legal consequence followed.

What was offered in evidence but the bond?

There is no doubt, as is said in 3 Parsons on Contracts, 128, that if a contract is accidentally usurious, or made so by some error in fact, against the intention of the parties, the mistake may be corrected, and the contract saved. It was upon this principle that the Court ruled in *Glasfurd* vs. *Laing*, 1 Camp, 149. Mistake is a matter capable of proof.

In *Thompson* vs. *Nesbit*, 2 Rich., 73, the Court held that no proof of a corrupt agreement is necessary, for the contract may be usurious, though the parties did not know that it was against the law.

In *Hammett* vs. *Tea*, 1 Bos. and Pull., 151, C. J. Eyre said: " Whether more than lawful interest is intentionally taken, is a mere question of fact for the jury, and must always be collected from the whole of the transaction, as it passes, between the parties."

We are not informed by the report, whether this question was presented to the jury, and passed upon by them. If it was not, the omission was the fault of the party now making it; if it was, the finding is conclusive as to the intent.

*Mortimer* vs. *Pritchard*, Bail. Eq., 505, relied on by the plaintiffs, was a case in Equity. There were doubts, with some members of the Court, whether the contract was usurious. The decision was put upon the ground that, if it was, the facts submitted prove, " palpably, that the parties acted upon a mistake of the law, and not with a corrupt and wilful intent to violate the statute."

Here it is claimed that, though the contract is usurious, yet, until lately, such agreements were not so regarded. It is said by counsel that hundreds of associations, similar to those organized by the plaintiffs, had been engaged in the business of lending money upon bonds identical with the one under consideration.

It might have been added, too, that, as soon as the question was made in the Courts, they were declared usurious. Men may enter into any agreements they please, and, as between themselves, may either respect or disregard them. When, however, they are submitted to the Courts for adjudication, they must be tested and governed by the law.

The grounds of appeal, of which notice was given by the defendants, were abandoned at the hearing.

The motion of the plaintiffs is dismissed.

*Willard*, A. J., concurred.