(Decided 23rd June, 1875.)

---

George W. Wade and others, Road Supervisors, and Edward Rider and others, County Commissioners, and Samuel F. Butler, Sheriff of Baltimore County, *vs.* Saint Mary's Industrial School, &c.

*Effect of a Repealing Statute upon Proceedings had under the Statute Repealed—Acts of* 1870, *ch* 309, *and* 1874, *ch.* 274.

Under the provisions of the Act of 1870, ch. 309, a public local law relating to roads in Baltimore County, proceedings were instituted by certain taxable inhabitants of said county, for the opening of a public road, to be known as Wilkins Avenue, through the lands of the appellee.    Objections

having been filed in behalf of the appellee to the action of the Board of road supervisors, the County Commissioners thereupon, in pursuance of section 16, of the Act of 1870, ch. 309, issued their warrant to the sheriff directing him to summon a jury to meet upon the premises to hear and determine the question of damages and benefits. A jury was duly summoned, but before the time appointed for their meeting, all further proceedings were restrained by the service of an injunction issued on the 21st November, 1873, at the instance of the appellee. The Act of 1870, ch. 309, was wholly repealed by the Act of 1874, ch. 274; and the latter Act adopted and introduced a totally different mode from the one required and directed by the former, for the opening of roads in Baltimore County. The Act of 1874, contained no saving clause in favor of proceedings which were *in fieri*, and incomplete under the law of 1870, nor any re-enactment by which proceedings could be supplemented so as to render what had already been done, complete and final. On appeal by the road supervisors and others, defendants, from the decree making the injunction previously issued, perpetual, it was HELD:

That as the Act of 1870, ch. 309, under which the appellants proceeded to construct the road in question had been repealed, they were without authority of law to proceed in the manner complained of in the bill, to construct said road, and consequently the decree making the injunction perpetual, must be affirmed.

APPEAL from the Circuit Court for Baltimore County, in Equity.

The case is stated in the opinion of the Court. The Court below only passed upon one of the many points argued before it, and decided that section 16 of the Act of 1870, ch. 309, was unconstitutional, because it did not make any provision for the swearing of the jury of condemnation; and while providing that each party should strike four from the list of those summoned as jurors, so that the number be reduced to twelve, it did not authorize any person, in the event of each party striking the same four, to strike from the list the remaining four.

The cause was argued before BARTOL, C. J., STEWART, BRENT, GRASON, and ALVEY, J.

*Fielder C. Slingluff* and *S. Teackle Wallis,* for the appellants.

. *Bernard Carter,* for the appellee.

BRENT, J., delivered the opinion of the Court.

This appeal is from a decision of the Circuit Court for Baltimore County making perpetual a preliminary injunction, which had been granted at the filing of the bill, to restrain the appellants from proceeding to construct a road, designated as Wilkins' Avenue, through the lands ·of the appellee.

The proceedings to construct and open this avenue as a public highway had been commenced and were being carried on under the provisions of the Act of 1870, ch. 309, a public local law relating to roads in Baltimore ·County. Section 16 of that law requires the County Commissioners, when objections are filed, as was done in this case, to the action of the board of road supervisors, to issue their warrant to the sheriff, directing him to summon a jury to meet upon the premises to hear and determine the question of damages. This warrant had been issued, but before the time appointed for the meeting of a jury all further proceedings were restrained by the service of the injunction.

That the action of a jury is essential to complete the steps necessary to be taken towards opening the road in question through the lands of the appellee, is conceded.

It has not been attempted to sustain the proceedings of the appellants under any other law but the Act of 1870, above referred to, and it is very clear if the power and authority, claimed and attempted to be exercised by them in the steps taken, are not conferred by its provisions, they nowhere exist.

Upon examination we find that this law has been wholly· repealed by the Act of 1874, ch. 274, and that the latter

Wade, *et al. vs.* Saint Mary's Industrial School, &c.

Act has adopted and introduced a totally different mode, for the opening of roads in that county, from the one required and directed by the Act of 1870. In the repealing law there is no saving clause in favor of proceedings which were *in fieri*, and incomplete under the law of 1870, or any re-enactment by which proceedings can be supplemented, so as to render what had already been done complete and final. The consequence is, that in this state of the road laws of that county, the appellants are without authority of any existing law to proceed, in the manner complained of in the bill, to construct the road in question. It will not be denied that the appellee would be entitled to the aid of a Court of Equity in restraining the appellants, if the law of 1870, assuming it to be in force, did not provide a constitutional mode for condemning the land in question to public uses, and *a fortiori* is this the case, if the law, being repealed, has no longer any existence.

It is a settled doctrine, that Courts in deciding questions arising before them, will look to the law as it is at the time, and are not to be governed by what it may have been—unless proceedings under a prior existing law had been complete, or rights had become vested. This principle has been held to apply as well to cases before an Appellate Court, as to those that are pending in Courts of original jurisdiction. *United States vs. Schr. Peggy,* 1 *Cranch,* 110; *Price, et al. vs. Nesbitt, et al.,* 29 *Md.,* 264; *Atwell vs. Grant,* 11 *Md.,* 104; *State vs. Norwood, et al.,* 12 *Md.,* 206; *Keller vs. State,* 12 *Md.,* 326.

As in this view of the law, the decree of the Court below must be affirmed, it becomes unnecessary to examine the many other questions presented in the case.

*Decree affirmea.*

(Decided 23rd June, 1875.)