## MAHONEY v. STATE.

STATUTES—REPEAL WITHOUT SAVING CLAUSE—EFFECT OF SUCH REPEAL PENDING ERROR PROCEEDINGS FROM A CONVICTION UNDER THE REPEALED STATUTE.

1. The general rule is that after a statute is repealed, without a saving clause or without an affirmance in substantial terms of enactment of the former law, the former repealed statute, in regard to its operative effect, is considered as if it had never existed, except as to matters and transactions past and closed.

2. If a statute defining and punishing an offense is repealed, without a saving clause, before the final action of the appellate court, it will prevent an affirmance of conviction and the prosecution must be dismissed or the judgment reversed; the repealing statute not containing a substantial re-enactment of the provisions of old statute, so that a prosecution brought under the old, might be finished under the new act.

3. A person convicted of unlawfully removing scabby sheep under Chap. 31, Laws 1890-91, prosecuted error. Pending proceedings in error the said statute was repealed without a saving clause; the repealing statute creating a new law upon the subject, the minimum fine for a somewhat similar offense being increased, and additional restrictions upon the removal of sheep being imposed. On motion for the dismissal of the case and the discharge of the person so convicted, held, that a new and different offense was created by the new statute, which acted only prospectively, and the judgment of conviction must be vacated and the defendant discharged.

[Information filed in District Court November 22, 1893. Decided October 25, 1895.]

Error to District Court for Johnson County, Hon. William S. Metz, Judge.

John Mahoney was convicted in the district court for unlawfully removing scabby sheep. He prosecuted error. Pending proceedings in error the statute under which the conviction was had was repealed. Thereupon a motion was made for the discharge of the said Mahoney, and the dismissal of all proceedings in the case for the reason that the statute under which defendant was being prosecuted had been repealed, and that, therefore, no jurisdiction, warrant or authority of law now rests in either the district or Supreme Court to take any further steps in the matter. The motion was sustained. The facts are further stated in the opinion.

*Charles H. Burritt,* and *C. H. Parmelee,* for plaintiff in error, contended that the Supreme Court had no power to affirm the judgment, or to do anything else than order the plaintiff in error discharged. That the repeal of the statute did away with it completely, and cited the following authorities: (Gill v. People, 7 Cal., 357; 1 Kent's Com., 465; Cooley's Const. Lim., 381; Bish. Stat. Cr., Sec. 177; 7 Lawson's Rights, Rem. & Pr., Sec. 3780; 9 Bacon's Abr., 226; 23 Am. & Eng. Ency. L., 502; Van Inwagen v. Chicago, 61 Ill., 31; Key v. Goodwin, 4 M. & P., 341; Dwarris on Stat., 676; Wilson v. Ry. Co., 64 Ill., 547; Sedgwick on Stat., 130; Williams v. Com'rs, 35 Me., 345; Tivey v. People, 8 Mich., 128;

Lamb v. Schutler, 54 Cal., 319; Hampton v. Com., 19 Pa. St., 329; Butler v. Palmer, 1 Hill, 324; People v. Livingston, 6 Wend., 526; Hirshburg v. People, 6 Colo., 145; Gregory v. Bank, 3 id., 332; R. R. Co. v. Crawford, 19 Pac., 673; Curtis v. Leavitt, 15 N. Y., 153; Yeaton v. U. S., 5 Cranch, 281; Speckert v. City, 78 Ky., 287; State v. King, 12 La. Ann., 593; Kellar v. State, 12 Md., 322; Com. v. Kimball, 21 Pick., 373; State v. Marshall, 11 id., 350; Hartung v. People, 22 N. Y., 95; Com. v. Duane, 1 Binn, 601; Surtees v. Ellison, 9 B. & C., 720.)

GROESBECK, CHIEF JUSTICE.

The plaintiff in error was convicted in the district court of Johnson County under an information in two counts, one for the unlawful removal of scabby sheep from one place to another in Johnson County and one for the removal of such diseased sheep from Natrona County to Johnson County. He was fined in the sum of two hundred and fifty dollars, and prosecuted proceedings in error in this court, the petition in error, transcript and bill of exceptions having been filed in this court November 30, 1894. The statute under which the criminal proceedings were instituted in the court below, Chap. 31, Laws 1890-91, was repealed in express terms, without a saving clause, by Chapter 125 of the Laws of 1895, which also repealed all acts and parts of acts inconsistent with it, and which took immediate effect upon its approval, March 2, 1895. The plaintiff in error moves for a dismissal of the case and all proceedings thereunder and for the discharge of the defendant because the act under which the defendant was convicted was repealed, without keeping in force pending past prosecutions under such repealed statute. This motion was submitted upon the brief of counsel for the plaintiff in error, the attorney-general not desiring to file any brief on the part of the State. So far as the case at bar is concerned, the statute under which the defendant below was convicted, made unlawful the removal of scabby sheep from one county to another, or from one place to another within any county, without a written certificate of the sheep inspector, except to

a dipping corral with the consent of all sheep owners on the route traveled. The punishment provided for a violation of the provisions of the section of the act under consideration was a fine not less than $250 nor more than $1,000. Chap. 31, Laws 1890-91, Sec. 8. The repealing statute creates a new law on the subject, and in relation to the matter of the moving of diseased sheep, provides that the owner of unsound sheep or sheep infected or affected with scab or any infectious or contagious disease, shall obtain from the inspector, a traveling permit, which shall be granted only for the purpose of moving said sheep to some place where they may be treated for disease; and that "no such sheep shall be moved until such permit shall have been obtained." The penalty provided for the violation of these provisions is a fine of not less than $500 nor more than $1,000, and the recovery in a civil action of thrice the amount of damages direct and consequential sustained by any party injured by reason of the moving of the diseased sheep. Chap. 125, Laws 1895, Sec. 15. The statutes are essentially different, the new one permitting no removal of diseased sheep at all, except upon the permission of the sheep inspector, and then only for the purpose of treatment for the disease, and providing a greater minimum penalty than the former act, while the former statute provided that scabby sheep may in effect be removed from place to place in the county or from one county to another, with the permission or "certificate" of the inspector, or without obtaining his certificate, to a dipping corral, with the written consent of all sheep owners along the route. This statute repealing the former one does not, then, contain a substantial re-enactment of the provisions of the old act, so that a suit or prosecution brought under the old statute may be finished under the new act. The new statute does not re-enact the old one either as to the affirmance of the former law in its main provisions defining the offense under consideration, or in the quantum of punishment, but repeals in express terms the former law and every part of it, and enacts, so far as defining an offense is concerned, substantially a new provision, with an enlarged minimum of punishment,

and nowhere saves prosecutions under the former statutes. The statute in relation to the offense of unlawfully removing diseased sheep from point to point, being a penal statute and relating to the punishment of a misdemeanor defined by its terms, and not to methods of procedure, must be held to act prospectively, and can not have a retroactive effect, as the punishment is increased by enlarging the minimum of the fine provided from $250 to $500, and as a new and different offense is created.

The authorities submitted in the brief of counsel for plaintiff in error are numerous and support their contention that the proceedings in error being in fieri, the judgment of the lower court is not to be considered a final judgment, and that this court is bound to consider the cause and pronounce such judgment as is warranted by the statute in force at the time of its judgment, and not under a repealed statute which does not preserve the right by a saving clause to prosecute for past offenses or to continue causes or prosecutions already begun. The general rule is that after the statute is repealed, without a saving clause or without an affirmance in substantial terms of enactment of the former law, the former repealed statute, in regard to its operative effect, is considered as if it had never existed, except as to matters and transactions past and closed; and if the statute is repealed before the final action of the appellate court, it will prevent an affirmance of conviction, and the prosecution must be dismissed or the judgment reversed. Sutherland Stat. Const., Secs. 162, 166; 23 Am. & Eng. Cyc. Law, 502, 514, and cases cited; Yeaton v. U. S., 5 Cranch, 281; Hirschburg v. People, 6 Colo., 145; State v. King, 12 La. Ann., 593; Kellar v. State, 12 Md., 322; Hartung v. People, 22 N. Y., 95. In the case of Kellar v. State, 12 Md., 322, supra, the court held that where a statute imposing a penalty was repealed after the conviction and appeal, and after an argument on the appeal, but before the final judgment affirming the decision of the trial court, the repealing statute not having been brought to the attention of the court, before the final judgment, that on motion the defendant was entitled

to have the entry of affirmance corrected and the judgment reversed. In the opinion, it is said: "The judgment in a criminal cause can not be considered as final and conclusive to every intent notwithstanding the removal of the record to a superior court. If this were so, there would be no use in taking the appeal or suing out the writ of error." And the language of Chief Justice Marshall in 1 Cranch, 110, is adopted to the effect that, "if it be necessary to set aside a judgment, rightful when rendered, but which cannot be affirmed but in violation of law, the judgment must be set aside."

Our statute contemplates and provides for the disposal of proceedings in error in this court in criminal causes less than capital, in three modes: to order the discharge of the prisoner; to grant a new trial, or to order the original judgment to be enforced. Rev. Stat., Sec. 3356. When the writ of error is allowed, the court or judge allowing the same shall order a suspension of the execution of the sentence until such writ of error shall be heard and determined, and the trial court has no further control over the judgment until the cause is remanded by the appellate court for action. Rev. Stat., Sec. 3255. The judgment of the trial court can not be ordered to be enforced, as the statute under authority of which it was rendered has been repealed, without keeping it in force either by re-enactment of its provisions, or by a saving clause, and is no longer in force; a new trial can not be ordered under the circumstances, as the cause can not be tried again under the repealed statute, although the practice has sometimes been in some of the courts to reverse the judgment. It seems that the proper course to do is to set aside the judgment, the practice approved by Chief Justice Marshall in 1 Cranch, 110, supra, and to order the discharge of the plaintiff in error, the defendant below.

The judgment of the district court for Johnson County will be set aside and the defendant, John Mahoney, discharged from any further proceedings of that court.

CONAWAY and POTTER, JJ., concur.