DAVID H. TURNER *vs.* JOHN T. BRYAN, Officer
                OF Registration et al.

*Registration of Voters—Repeal of Law Pending Appeal.*

Pending an appeal from an order dismissing appellant's petition to be
   reinstated as a voter, the law relating to elections was repealed and
   an entirely new system adopted, making a new registration neces-
   sary.   *Held*, that since appellant had not been injured by the ruling
   below, the appeal would be dismissed.

Appeal from an order of the Circuit Court for Anne
Arundel County (Revell, J.)

The cause was argued before McSherry, C. J., Bryan, ·
Fowler, Briscoe, Page, Roberts, Boyd and Russum, JJ.

*Elihu S. Riley*, for the appellant.

*Edward C. Gantt*, for the appellee.

Briscoe, J., delivered the opinion of the Court.

The name of David H. Turner, the appellant, was stricken
from the list of qualified voters of the Fourth Election Dis-
trict of Anne Arundel County during the October sitting
by the officer of registration for that district, and on the
24th day of October, 1895, he appealed by petition to the
Circuit Court for that county.   The case was heard, and the
Court, on the 31st of October, 1895, passed an order dis-
missing the petition, and from that order this appeal has
been taken.   We find, however, that the law relating to
elections, Art. 33 of the Code of Public General Laws and
the several acts amendatory thereto, which were in force at
the time of the decision of · this case, have been wholly re-
pealed by the Act of 1896, chapter 202, and that this latter
Act has made a radical change and adopted an entirely dif-
ferent system of registration of voters for this State from

that required by the law in existence at the time of the appellant's appeal.

The ruling of the Court below was under the law as it then stood, whereas the present appeal must be decided by the existing law. *Strauss* v. *Heiss*, 48 Md. 293. " It is a settled doctrine," says this Court, in *Wade et al.* v. *Saint Mary's Industrial School*, 43 Md. 181, "that Courts, in deciding questions arising before them, will look to the law as it is at the time, and are not to be governed by what it may have been, unless proceedings under a prior existing law had been complete or rights had become vested. This principle has been held to apply as well to cases before an Appellate Court as to those that are pending in Courts of original jurisdiction. *United States* v. *Schr. Peggy*, 1 Cranch, 110 ; *Price et al.* v. *Nesbitt*, 29 Md. 264 ; *Atwell* v. *Grant*, 11 Md. 104 ; *State* v. *Norwood*, 12 Md. 206 ; *Keller* v. *State*, 12 Md. 326."

But even if it be conceded there was error in the rulings of the Court below, inasmuch as the law in existence at the time has been abrogated and repealed, the appellant has not been injured thereby. It therefore becomes unnecessary for us to pass upon the questions presented by this appeal, and it will be dismissed, the costs to be paid by Anne Arundel County.

> *Appeal dismissed, with costs to the appellant in both Courts, to be paid by Anne Arundel County.*

(Decided June 16th, 1896).