FIRST NATIONAL BANK OF PLAINS, Respondent, *v.* BARTO et al., Appellants.

(No. 5,610.)

(Submitted February 17, 1925. Decided March 2, 1925.)

[233 Pac. 963.]

*Corporations — Failure to File Annual Report — Directors — Personal Liability for Corporate Debts—Penal Statutes— Repeal Without Saving Clause—Statute of Limitations.*

Penal Statutes—Repeal Without Saving Clause—Effect of Repeal.
    1. Where a statute, penal in character, is repealed without any saving clause, it must be considered, except as to proceedings past and closed, as if it had never existed.

Corporations—Failure to File Annual Report—Personal Liability of Directors for Debts of Corporation—Statute of Limitations Based on Repealed Act not Available.
    2. Under the above rule, *held*, that since Chapter 140, Laws of 1909, making it the duty of corporations to file an annual report of their financial condition under the penalty of the directors being held liable for the debts of the corporations, was repealed by Chapter 189, Laws of 1919 (sec. 6003, Rev. Codes 1921), without a saving clause, directors sued in 1923 on their statutory liability under section 6003 for failure to file a report for 1921 were precluded from setting up the omission of their company to file a report for 1918 under the repealed Act as the foundation for a plea that the action against them was barred by section 9061, Revised Codes, providing that an action to recover the penalty in question must be brought within three years.

*Appeal from District Court, Sanders County; James M. Self, Judge.*

Action by the First National Bank of Plains against W. A. Barto and others. Judgment for plaintiff and defendants appeal. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. Harry H. Parsons* and *Mr. A. S. Ainsworth,* for appellant.

*Messrs. Murphy & Whitlock,* for Respondent.

MR. JUSTICE STARK delivered the opinion of the court.

Claiming that the Thompson Meat & Trading Company, a Montana corporation, did not on or before March 1, 1922, file a report showing its condition on December 31, 1921, as required by section 6003, Revised Codes of 1921, the plaintiff brought this action against the defendants, who were directors of that corporation at all the times involved, to recover the amount of an indebtedness due to it from this corporation.

The cause was submitted to the court upon an agreed statement of facts, the essential stipulations of which are as follows: At all the times referred to the plaintiff was a banking corporation, organized under the laws of the United States, and engaged in business at Plains, Montana, and at all such times the Thompson Meat & Trading Company was, and still is, a corporation for profit, having a capital stock, organized and existing under the laws of this state, and not a bank, trust company or building and loan association, with its principal place of business at Thompson Falls, Sanders county, and that the defendants were at all of said times the duly elected, qualified and acting directors thereof.

On March 6, 1917, the Thompson Meat & Trading Company gave to the plaintiff its promissory note for $1,500, due on demand; the plaintiff, since the execution of said note, has

continued to be and was the owner and holder thereof, and there was due thereon the sum of $1,299.12, with interest at the rate of ten per cent per annum from and after January 1, 1920, which amount at all times since March 6, 1917, was an existing indebtedness from the Thompson Meat & Trading Company to the plaintiff.

Neither the said Thompson Meat & Trading Company nor the defendants, nor any of them, nor anyone in its or their behalf, on or before the twentieth day of January, 1919, filed in the office of the county clerk and recorder of Sanders county an annual report showing the condition of said corporation on December 31, 1918, as required by Chapter 140, Laws of 1909. Neither said corporation nor the defendants, nor any of them, nor anyone in its or their behalf, on or before the first day of March, 1922, or at any time thereafter, filed in the office of the county clerk and recorder of Sanders county an annual report of the condition of said corporation on December 31, 1921, as required by section 6003, Revised Codes of 1921. No affidavit was filed by or on behalf of either of the defendants in any way excusing or attempting to excuse the failure of said corporation to file said report for the above named years as required by law.

In the fall of 1917, and again on or about the fifth of March, 1922, demand was made upon the defendants for the payment of the indebtedness represented by the unpaid portion of said note, and such payment was refused by each and all of the defendants.

Upon the foregoing statement of facts the court found the issues in favor of the plaintiff, and on the tenth day of July, 1924, judgment was entered against the defendants for the amount named in the agreed statement. From this judgment the defendants have appealed.

Section 6003 above requires a corporation like the Thompson [1, 2] Meat & Trading Company, by March 1 of each year, to file in the office of the county clerk and recorder of the county in which its principal place of business is situated a

report of the condition of the corporation on December 31 preceding, and provides that, if the directors of such corporation fail to file such report, they shall jointly and severally be liable for all debts or judgments of the corporation then existing. The other provisions of that section are not material here.

The statute requiring the filing of an annual report by a corporation in force down to March 10, 1919, was embraced in Chapter 140 of the Session Laws of 1909, which required a filing of such report within twenty days from December 31 of each year, and provided that the directors thereof should be liable for all existing debts, if the corporation failed to file the report.

The contention of the defendants is that the corporation defaulted by failing to file an annual report for the year 1918 on or before the twentieth day of January, 1919; that upon such failure a cause of action accrued to the plaintiff against the defendants to enforce their liability for this indebtedness which then existed; that under the provisions of section 9061, Revised Codes of 1921, an action to recover the penalty imposed by law must be brought within three years; that under the rule announced by this court in *State Savings Bank* v. *Johnson,* 18 Mont. 440, 56 Am. St. Rep. 591, 33 L. R. A. 552, 45 Pac. 662, the plaintiff could not rely for recovery upon a default occurring in succeeding years, and that, since more than three years had elapsed since the default of January 20, 1919, the plaintiff's right of action is barred. However, Chapter 140, Laws of 1909, was repealed by Chapter 189, page 356, of the Session Laws of 1919, approved March 10, 1919, and in *First National Bank* v. *Cosier,* 66 Mont. 352, 213 Pac. 442, this court held that the Act of March 10, 1919, deprived a creditor of any right he might have had to enforce a director's liability under the prior statute, for the reason that the repealing section of the Act did not make any reservation of the right to maintain an action for liabilities which had theretofore accrued under the Act which was repealed.

The liability imposed upon the defendants for the failure of the corporation to file the report required by Chapter 140 of the Session Laws of 1909 was penal in character; the plaintiff had no vested right therein, and it was competent for the legislature to repeal it and thereby deprive the plaintiff of a right which it had theretofore enjoyed under it. (*Continental Oil Co.* v. *Montana Concrete Co.,* 63 Mont. 223, 207 Pac. 116.)

The general rule, applicable here is that, when a statute of this character is repealed without a saving clause, it must be considered, except as to proceedings past and closed, as if it had never existed. (1 Lewis' Sutherland on Statutory Construction, sec. 382; *Holcomb* v. *Boynton,* 151 Ill. 294, 37 N. E. 1031; *Hertz* v. *Woodman,* 218 U. S. 205, 54 L. Ed. 1001, 30 Sup. Ct. Rep. 621 [see, also, Rose's U. S. Notes]; *Mahoney* v. *State,* 5 Wyo. 520, 63 Am. St. Rep. 64, 42 Pac. 13.)

So when the Thompson Meat & Trading Company failed to file its report covering the year 1921 on or before March 1, 1922, the liability of its directors stood the same as though Chapter 140 of the Session Laws of 1909 had never been in existence. After March 10, 1919, the plaintiff could not have asserted any rights under it, and likewise after that date the defendants were precluded from setting up the failure of the Thompson Meat & Trading Company to file the report required by its provisions on or before January 20, 1919, as the foundation for a plea of the statute of limitations.

Our conclusion is that the judgment of the court in favor of the plaintiff is correct, and it is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY, ASSOCIATE JUSTICES HOLLOWAY and MATTHEWS and HONORABLE C. W. POMEROY, District Judge, sitting in place of MR. JUSTICE GALEN, absent on account of illness, concur.