**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 08 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTY L. BRANDON, Trustee, | No. 12-35968 |
| Plaintiff - Appellant, | D.C. No. 9:12-cv-00099-DWM |
| v. | |
| GMAC MORTGAGE, LLC; MOUNTAIN WEST BANK, N.A.; DOUGLAS W. KIKKERT; CHERYL KIKKERT; MILODRAGOVICH, DALE, STEINBRENNER & NYGREN, P.C.; MURIEL J. SIMMONS, | ORDER AND MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted April 10, 2014
Seattle, Washington

Before: KOZINSKI, Chief Judge, and RAWLINSON and BEA, Circuit Judges.

We review this question of Montana law de novo, *Fourth Investment LP v.*

*United States*, 720 F.3d 1058, 1066 (9th Cir. 2013), and affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Under Montana law, the "statute's plain language controls our interpretation if we can discern the legislative intent from the plain meaning of the statute's words." *State v. Merry*, 191 P.3d 428, 430 (Mont. 2008). The plain meaning of Mont. Code Ann. ("MCA") § 71-1-321 is clear: trust indentures are "considered to be mortgages" if the trust indentures are "not executed in conformity" with the Small Tract Financing Act ("STFA"). Thus, the district court did not err in affirming the bankruptcy court's determination that the defective trust indentures should be treated as mortgages.

Moreover, *Amsterdam Lumber v. Dyksterhouse*, 586 P.2d 705 (Mont. 1978), does not control this case because MCA § 71-1-321 was not enacted until <u>after</u> *Amsterdam Lumber* was decided. Likewise, *Earls v. Chase Bank of Texas, N.A.*, 59 P.3d 364 (Mont. 2002), does not govern the effect of a purported STFA trust indenture on a property greater than 40 acres. Finally, because MCA § 71-1-321 is unambiguous, there is no reason to engage in a discussion of its legislative history. *Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1268 (9th Cir. 2009).

The Plaintiff-Appellant's motion to have a question certified to the Montana Supreme Court is DENIED.

AFFIRMED.