NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 25 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALYSSA WINSTEAD, individually and on behalf of all individuals of the class similarly situated; LISA LUBICK PATTON,

Plaintiffs-Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant-Appellee.

No.     14-35364

D.C. No. 2:14-cv-00006-SEH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted October 5, 2016[**]
Seattle, Washington

Before:  W. FLETCHER, FISHER, and N.R. SMITH, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Plaintiffs Alyssa Winstead and Lisa Patton appeal from the district court's order granting defendant State Farm's motion to dismiss for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review *de novo* dismissals under Federal Rule of Civil Procedure 12(b)(6). *Kahle v. Gonzales*, 487 F.3d 697, 699 (9th Cir. 2007). We "accept[] the complaint's well pleaded allegations of fact and construe[] them in the plaintiff's favor." *Id.* A district court's decision not to abstain is reviewed for abuse of discretion. *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998).

1. The district court did not abuse its discretion in declining to remand under federal abstention doctrines. Because Winstead alleged an independent claim for monetary relief under the Montana Unfair Trade Practices Act ("UTPA"), *Brillhart/Wilton* abstention is not appropriate. *See United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1112 (9th Cir. 2001) ("[W]hen other claims are joined with an action for declaratory relief . . . the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief." (internal quotation marks omitted)). *Pullman* abstention does not apply because it is applicable only in cases, unlike this one, that present federal constitutional issues. *See Colorado River Water Conservation Dist. v. United*

*States*, 424 U.S. 800, 814 (1976) (*Pullman* abstention is not appropriate when a case "presents no federal constitutional issue for decision.").

2. To the extent the district court suggested this action is not justiciable under federal law, we do not agree. For a declaratory judgment action to satisfy Article III justiciability requirements, there must be a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). These requirements are satisfied.

3. To the extent the district court dismissed this action on the merits, it did not err, because Winstead fails to state a claim under the UTPA. It provides, *inter alia*, that an insurer may not make misrepresentations regarding policy provisions, refuse to pay claims without conducting a reasonable investigation, or neglect to attempt in good faith to effectuate a fair settlement after liability has become reasonably clear. Mont. Code Ann. § 33-18-201. Winstead alleges that State Farm violated the UTPA by improperly relying on Montana's collateral source statute, § 27-1-308, in making its settlement offer. The collateral source statute provides that, under certain circumstances, after receipt of a tort award, "a plaintiff's recovery must be reduced by any amount paid or payable from a collateral source

that does not have a subrogation right." Mont. Code Ann. § 27-1-308. Winstead argues that State Farm was not entitled to consider the statute in making its settlement offer.

State Farm's consideration of the collateral source statute during settlement negotiations is not actionable under the UTPA. *See Miller v. State Farm Mut. Auto. Ins. Co.*, 155 P.3d 1278, 1282 (Mont. 2007) (rejecting the argument that an "insurer cannot avail itself of the collateral source reduction and must make a settlement offer that has not been reduced by collateral source payments"). Winstead cites no case law to support her argument that this consideration was improper. Instead, she relies on several bad faith cases that are readily distinguishable. For example, Winstead cites *Holmgren v. State Farm Mut. Auto. Ins. Co.*, in which the Ninth Circuit concluded that State Farm acted in bad faith when it took advantage of a claimant's need for funds to force acceptance of an unreasonably low settlement. 976 F.2d 573, 578 (9th Cir. 1992). Because Winstead does not allege any facts suggesting that State Farm acted in bad faith in considering the collateral source statute, she fails to state a claim upon which relief can be granted.

4. Winstead lacks standing to challenge the constitutionality of Montana's collateral source statute. Winstead concedes the statute does not apply to

settlements, so she faces no "realistic danger of sustaining a direct injury" as a result of the statute. *Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289, 298 (1979).

**AFFIRMED.**