FILED

03/13/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0384

DA 17-0384

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 45

MARCIA MARSHALL,

> Plaintiff and Appellant,

v.

SAFECO INSURANCE COMPANY OF ILLINOIS,
and MID-CENTURY INSURANCE COMPANY,

> Defendants and Appellees.

| | |
|---|---|
| APPEAL FROM: | District Court of the Sixth Judicial District, In and For the County of Park, Cause No. DV 13-169 Honorable Brenda Gilbert, Presiding Judge |

COUNSEL OF RECORD:

> For Appellant:
>
> Lawrence A. Anderson, Attorney at Law; Great Falls, Montana
>
> Daniel P. Buckley, Buckley Law Office, P.C.; Bozeman, Montana
>
> For Appellees:
>
> Paul N. Tranel, Bohyer, Erickson, Beaudette & Tranel, P.C.; Missoula, Montana
>
> Nicholas J. Pagnotta, Williams Law Firm, P.C.; Missoula, Montana

> Submitted on Briefs: February 6, 2018
>
> Decided: March 13, 2018

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Marcia Marshall (Marshall) appeals a June 8, 2017 order of the Sixth Judicial District, Park County, granting Safeco Insurance Company and Mid-Century Insurance Company's (collectively, the Defendants) motion to dismiss. We reverse and remand.

¶2 We restate the issue on appeal as follows:

1. *Whether the District Court erred in granting the Defendants' motion to dismiss pursuant to M. R. Civ. P. 12(b)(6).*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 This case arises from a motor vehicle accident in Park County on February 14, 2010. Marshall was riding as a passenger in a car driven by Kevin Gallivan. Another individual, Peter Kirwan, owned the vehicle driven by Gallivan. Marshall alleged Gallivan's negligence caused the motor vehicle accident. Marshall suffered severe injuries resulting from the accident. Defendant Safeco insured Kirwan, the car owner. Defendant Mid-Century insured Gallivan, the driver. The Defendants provided liability coverage under each separate policy. The Defendants and Marshall entered into a settlement agreement prior to trial resolving the underlying claim.

¶4 Marshall filed an amended complaint against the Defendants on November 2, 2016. Marshall brought claims seeking declaratory judgment and violations under the Unfair Trade Practices Act (UTPA). Marshall alleged the Defendants have utilized and relied upon the collateral source statute or its principles to take a reduction against damages sustained and owed to their insureds or claimants in violation of Montana law. Specifically, Marshall alleged the Defendants used the collateral source statute to justify

2

reduction in her damages notwithstanding the collateral source statute was inapplicable. Further, Marshall's complaint attacks the constitutionally of the collateral source statute under § 27-1-308, MCA.

¶5 The Defendants filed a joint motion to dismiss on January 20, 2017. The District Court granted the Defendants' motion to dismiss. The District Court found our decision in *Miller v. State Farm Mut. Auto. Ins. Co.*, 2007 MT 85, 337 Mont. 67, 155 P.3d 1278, controlling. The District Court construed "the holding of *Miller* as providing that an insurer's consideration of a potential future offset under the collateral source doctrine during settlement negotiations does not create a justiciable controversy." Relying on *Miller*, the District Court concluded Marshall's claim under the UTPA and the Declaratory Judgment Act should be dismissed. Marshall timely appeals.

## STANDARD OF REVIEW

¶6 We review de novo a district court's ruling on a motion to dismiss pursuant to M. R. Civ. P. 12(b)(6). *Western Sec. Bank v. Eide Bailly LLP*, 2010 MT 291, ¶ 18, 359 Mont. 34, 249 P.3d 35. We construe the complaint in the light most favorable to the plaintiffs when reviewing an order dismissing a complaint under M. R. Civ. P. 12(b)(6). A district court should not dismiss a complaint for failure to state a claim unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Jones v. Mont. Univ. Sys.*, 2007 MT 82, ¶ 15, 337 Mont. 1, 155 P.3d 1247. A district court's determination that a complaint has failed to state a claim for which relief

3

can be granted is a conclusion of law which we review for correctness. *Sinclair v. Burlington Northern & Santa Fe Ry.*, 2008 MT 424, ¶ 25, 347 Mont. 395, 200 P.3d 46.

**DISCUSSION**

¶7    *1. Whether the District Court erred in granting the Defendants' motion to dismiss pursuant to M. R. Civ. P. 12(b)(6).*

¶8    Marshall argues the District Court erred in dismissing her declaratory judgment claim. Marshall asserts the District Court incorrectly applied *Miller* to conclude Marshall did not allege a justiciable controversy. Marshall contends that *Miller* is distinguishable due to the procedural posture. The Defendants maintain the District Court correctly dismissed Marshall's declaratory judgment claim. The Defendants argue *Miller* is controlling and therefore Marshall's declaratory judgment claim failed to allege a justiciable controversy.

¶9    The District Court concluded declaratory judgment could not be granted without a justiciable controversy and, based on our decision in *Miller*, concluded a justiciable controversy did not exist. The Uniform Declaratory Judgments Act provides a district court with the "power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." Section 27-8-201, MCA. A district court "may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy." Section 27-8-206, MCA. A justiciable controversy must exist before a court may exercise jurisdiction under the Declaratory Judgments Act. *Northfield Ins. Co. v. Ass'n of Counties*, 2000 MT 256, ¶ 10, 301 Mont. 472, 10 P.3d 813.

4

¶10    The test to determine whether a justiciable controversy exists requires the following:

> First, a justiciable controversy requires that parties have existing and genuine, as distinguished from theoretical, rights or interests. Second, the controversy must be one upon which the judgment of the court may effectively operate, as distinguished from a debate or argument invoking a purely political, administrative, philosophical or academic conclusion. Third, it must be a controversy the judicial determination of which will have the effect of a final judgment in law or decree in equity upon the rights, status or legal relationships of one or more of the real parties in interest, or lacking these qualities be of such overriding public moment as to constitute the legal equivalent of all of them.

> We apply the justiciable controversy test to actions for declaratory judgment to prevent courts from determining purely speculative or academic matters, entering anticipatory judgments, providing for contingencies which may arise later, declaring social status, dealing with theoretical problems, answering moot questions, or giving abstract or advisory opinions.

*Northfield Ins.*, ¶ 12 (internal citations omitted).

¶11    In *Miller*, we determined Miller's declaratory judgment action failed to allege a justiciability controversy. *Miller*, ¶ 19. Miller was involved in a motor vehicle accident resulting in injury. Miller brought suit against the negligent driver. *Miller*, ¶ 3. State Farm and Miller engaged in settlement negotiations. State Farm offered to settle the claim with Miller. State Farm's offer reflected a reduction based on the collateral source statute. *Miller*, ¶ 4. The parties did not enter into a settlement agreement. *Miller*, ¶¶ 4, 16, 18. Miller then filed an action for declaratory judgment arguing State Farm impermissibly considered the collateral source statute during settlement negotiations. *Miller*, ¶ 4. Miller did not allege UTPA violations. *Miller*, ¶¶ 13, 16. State Farm moved for summary judgment arguing a justiciable controversy did not exist. The District Court granted State Farm's motion. *Miller*, ¶ 4.

5

¶12 On appeal, we held Miller's declaratory action claim failed to allege a justiciable controversy. *Miller*, ¶ 19. We determined Miller improperly brought the declaratory action while settlement negotiations were still ongoing. *Miller*, ¶ 16. We recognized Miller did not allege any UTPA violations, and thus, was not litigating a claim under any existing rights or interests provided for by the UTPA.[1] *Miller*, ¶¶ 13, 16. We further refused to dictate what factors a party may or may not consider while engaging in a voluntary settlement process because our opinion would be advisory. *Miller*, ¶¶ 16, 18. Accordingly, a judgment would not have the effect of a final judgment on any rights, status or legal relationship of the parties because State Farm could simply withdraw its offer and provide a different basis for its offer and Miller could still refuse the offer. *Miller*, ¶ 18. Thus, our analysis was contingent on the fact Miller and State Farm were engaged in *ongoing* settlement negotiations when Miller sought the court's intervention.

¶13 The procedural posture of this case distinguishes it from *Miller*. Unlike *Miller*, Marshall is litigating a claim under existing rights or interests provided for in the UTPA. Marshall and the Defendants entered into and completed a settlement. Once the Defendants entered into a settlement with Marshall, the insurers became subject to the UTPA. Under the UTPA, insurers have duties and obligations regarding their settlement practices to an insured or third-party claimant. Section 33-18-201, MCA. Thus, the parties

---

[1] A threshold requirement to file an action alleging UTPA violations is that the underlying claim has been settled. Section 33-18-242(6)(b), MCA. In *Miller*, the underlying claim had not been settled and therefore Miller could not file an action alleging any UTPA violations. *Miller*, ¶ 16.

have existing and genuine rights arising from the UTPA. Therefore, we determine the first requirement to find a justiciable controversy is met.

¶14 Moreover, a judgment in this case would determine the parties' respective rights and obligations. Unlike *Miller*, Marshall is not seeking a declaratory judgment too early in the proceedings, which would only serve as an advisory opinion. A declaratory judgment rendered in *Miller* would not have resolved the controversy because State Farm could have offered something different and Miller could have still rejected the offer. Here, settlement was agreed upon by the parties. Marshall received the settlement. A judgment in Marshall's case would determine the parties' rights, status, or legal relationship by deciding whether the Defendants reduced Marshall's damages by applying the collateral source statute pursuant to § 27-1-308, MCA. Assuming the insurers unlawfully reduced Marshall's damages by relying on the collateral source rule, she would be able to seek recovery. Thus, Marshall's declaratory judgment claim is procedurally different from *Miller* and presents a justiciable controversy. We hold that the District Court erred in concluding a justiciable controversy did not exist.

¶15 Next, Marshall argues the District Court erred in dismissing her UTPA claim. Marshall alleges a justiciable controversy exists and she has sufficiently pled her UTPA claim. The Defendants argue the District Court properly dismissed Marshall's UTPA claim relying on *Miller*. The Defendants further contend the District Court properly found that Marshall's UTPA claim does not constitute an independent cause of action. Lastly, the Defendants argue they had a reasonable basis in law for their actions.

¶16 The District Court's reliance on *Miller* to dismiss Marshall's UTPA claim is misplaced. The District Court interpreted *Miller* as this Court's refusal to interfere with the settlement negotiation process. However, a UTPA violation under § 33-18-201, MCA, is a claim against an insurer's settlement practices. To hold courts cannot adjudicate an insurer's settlement practices is contrary to the UTPA and our case law. Section 33-18-201(1)-(14), MCA; *see Jacobsen v. Allstate Ins. Co*., 2009 MT 248, ¶ 2, 351 Mont. 464, 215 P.3d 649 and *Jacobsen v. Allstate Ins. Co.*, 2013 MT 244, 371 Mont. 393, 310 P.3d 452 (challenging Allstate's policies and guidelines designed to promote quick settlement with unrepresented claimants); *Lorang v. Fortis Ins. Co.,* 2008 MT 252, ¶ 89, 345 Mont. 12, 192 P.3d 186 (challenging Fortis's general settlement practices regarding prosthetic claims); *Peterson v. Doctors' Co*., 2007 MT 264, ¶ 26, 339 Mont. 354, 170 P.3d 459 (challenging the insurer's conduct during the settlement process). Further, *Miller* has no bearing on Marshall's UTPA claim. In *Miller* we specifically noted, "Miller has a right to fair treatment under the UTPA, *Miller has not asserted a violation under the UTPA*." *Miller*, ¶ 16 (emphasis added). Therefore, we determined *Miller* based solely on the declaratory judgment claim. The District Court misinterpreted *Miller* as controlling for Marshall's UTPA claim.

¶17 We now turn to whether Marshall sufficiently pled her UTPA claim. While the settlement process belongs to the parties, courts can enforce a settlement agreement and have jurisdiction under the UTPA to oversee claims of unfair settlement practices. *Miller*, ¶¶ 14, 15. The UTPA provides an insured or third-party claimant an independent cause of

8

action against an insurer's violations under § 33-18-201(1), (4), (5), (6), (9), or (13), MCA. Section 33-18-242(1), MCA. As a threshold matter, a third-party claimant may not file an action under this section until after the underlying claim has been settled. Section 33-18-242(6)(b), MCA. However, an insurer may not be held liable under the UTPA if the insurer had a reasonable basis in law or in fact for their actions with regard to settlement. Section 33-18-242(5), MCA.

¶18     As a threshold, the underlying claim was settled. Marshall's complaint alleged an independent cause of action under the UTPA for the Defendants' violations of their duties and obligations under § 33-18-201(1), (4), (6), and (13), MCA, all relating to the Defendants use of the collateral source statute as an offset to reduce compensation to Marshall. Specifically, Marshall alleged the Defendants failed to conduct an investigation into whether the collateral source statute applied and whether Marshall would be fully compensated. Section 33-18-201(1), MCA. Marshall further alleged the Defendants failed to properly consider the application of the collateral source statute as a deduction; refused to pay claims without conducting a reasonable investigation based upon all available information; and neglected to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear. Section 33-18-201 (4), (6), MCA. Marshall alleged she was entitled to relief by recovering full payment of her damages because the Defendants unlawfully reduced her damages. Taking Marshall's complaint as true, only for purposes of a Rule 12(b)(6) motion to dismiss, we conclude that Marshall has sufficiently pled a claim under the UTPA for which relief may be granted.

9

¶19 The District Court further made a sweeping statement that, even if Marshall had an independent cause of action, "the claim must fail because the Defendants had a reasonable basis in law for the position they took on the collateral source issue." Section 33-18-242(5), MCA, provides that an insurer may not be held liable for violating the UTPA if the insurer had a reasonable basis in law for their actions. Questions of reasonableness are generally factual matters properly answered by the finder of fact. *Redies v. Attys. Liab. Prot. Soc'y*, 2007 MT 9, ¶ 30, 335 Mont. 233, 150 P.3d 930. However, this Court has adopted two exceptions to this rule where the insurer's reasonableness is a question of law for the court to decide: (1) where there was clearly no insurance policy in effect at the time the injury occurred; and (2) where the insurer's basis in law was grounded on a legal conclusion and no issues of fact remained in dispute. *Redies*, ¶¶ 31-32 (citing *Watters v. Guaranty Nat. Ins. Co.*, 2000 MT 150, ¶ 69, 300 Mont. 91, 3 P.3d 626). The applicable exception in this case would be the second exception.

¶20 Here, it was improper for the District Court to determine whether the Defendants acted reasonably absent a determination the Defendants reasonable basis was solely grounded on a legal conclusion and no issues of fact remained in dispute. Even if the Defendants had a reasonable basis to apply the collateral source statute based on *Miller* and *Winstead v. State Farm*,[2] the District Court failed to consider the plain language of the

[2] The Ninth Circuit cited *Miller* for the proposition that "consideration of the collateral source statute during settlement negotiations is not actionable under the UTPA." *Winstead v. State Farm Mut. Auto. Ins. Co.*, 669 Fed. Appx. 910, 2016 U.S. App. LEXIS 19276. However, this is a misstatement of *Miller*. In *Miller*, we did not address whether consideration of the collateral source statute was an actionable UTPA violation because no UTPA violations were alleged by Miller. *Miller*, ¶¶ 13, 16.

collateral source statute and whether it was applicable in Marshall's case. It is inappropriate for this Court to resolve the question here; such determination is more appropriate on a motion for summary judgment. Accordingly, we determine Marshall had sufficiently pled an independent cause of action under the UTPA to overcome the Defendants' joint motion to dismiss.

## CONCLUSION

¶21 For these reasons, we reverse the judgment of the District Court which dismissed Marshall's complaint pursuant to M. R. Civ. P. 12(b)(6), and remand for further proceedings consistent with this opinion.

¶22 Reversed and remanded.


/S/ INGRID GUSTAFSON


We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ LAURIE McKINNON

11