Justice Ingrid Gustafson delivered the Opinion of the Court.
***390 ¶1 Plaintiffs Breea and Adam Somers appeal from an order of the Thirteenth Judicial District Court, Yellowstone County, granting summary judgment to Defendants Cherry Creek Development, Inc. and RJC Investment, Inc. We affirm.
¶2 We restate the issue on appeal as follows:
Whether the 2009 version of the Montana Retail Installment Sales Act (RISA) confers a private right of action.
FACTUAL AND PROCEDURAL BACKGROUND
¶3 On August 13, 2010, the Somers purchased a mobile home for $ 54,300 from Cherry Creek Development, Inc. (Cherry Creek) in Billings, Montana. The Somers paid $ 4,344 down and financed the remainder through an installment contract assigned to RJC Investment, Inc. (RJC Investment). The installment contract required the Somers to make monthly payments of $ 552 over a fifteen-year ***391 period and to pay a $ 50 late fee for any late payments.
¶4 Prior to any default action filed against them, the Somers filed a putative class action in District Court seeking a declaratory judgment for themselves and all others similarly situated that the Montana Retail Installment Sales Act (RISA), § 31-1-201, et seq. , MCA (2009), barred Cherry Creek and RJC Investment from recovery of any interest, finance charges, or late charges on installment contracts for the purchase of a manufactured home. Cherry Creek and RJC Investment answered and counterclaimed alleging the Somers defaulted on the installment contract. Cherry Creek and RJC Investment and the Somers filed cross-motions for summary judgment. On May 16, 2017, the District Court granted summary judgment to Cherry Creek and RJC Investment on the basis that RISA did not confer a private cause of action, but did not rule on Cherry Creek and RJC Investment's counterclaim.
¶5 On June 20, 2017, the Somers filed a M. R. Civ. P. 59 motion to alter or amend the judgment, which the District Court denied on the basis that no unresolved claims existed and RISA did not confer a private cause of action. On October 19, 2017, Cherry Creek and RJC Investment and the Somers filed a joint motion to dismiss Cherry Creek and RJC Investment's counterclaim against the Somers. The Somers had become current on their payments to Cherry Creek and RJC Investment and were no longer in default. However, Cherry Creek and RJC Investment reserved the right to pursue new litigation against the Somers should they default in the future. The parties further requested that the District Court delay entry of judgment two months for the parties to discuss potential resolution. The parties did not resolve the matter, and on June 18, 2018, the District Court entered a final judgment granting summary judgment to Cherry Creek and RJC Investment. The Somers appeal.
STANDARD OF REVIEW
¶6 This Court reviews a district court's grant or denial of summary judgment de novo using the same M. R. Civ. P. 56(c) criteria applied by the district court. Lone Moose Meadows, LLC v. Boyne USA, Inc. , 2017 MT 142, ¶ 7, 387 Mont. 507, 396 P.3d 128. Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M. R. Civ. P. 56(c)(3). This Court draws all reasonable inferences from the offered proof in favor of the party opposing summary judgment.
*1283 Maier v. Wilson , 2017 MT 316, ¶ 15, 390 Mont. 43, 409 P.3d 878.
***392 DISCUSSION
¶7 Whether the 2009 version of the Montana Retail Installment Sales Act (RISA) confers a private right of action.
¶8 The applicable provision of RISA states:
Penalties.
(1) Any person who knowingly violates a provision of this part or engages in the business of a sales finance company in this state without a license as provided in this part is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than $ 500 or by imprisonment for not more than 6 months, or both.
(2) Any person violating 31-1-231 through 31-1-243, except as the result of an accidental and bona fide error of computation, shall be barred from recovery of any finance, delinquency, or collection charge on the contract.
Section 31-1-203, MCA (2009).
¶9 On appeal, the Somers assert six violations of §§ 31-1-231 through -243, MCA, by Cherry Creek and RJC Investment, including that Cherry Creek and RJC Investment: (1) failed to disclose the finance charge; (2) failed to disclose the total amount of the time balance, stated as one sum in dollars and cents; (3) prematurely assessed late fees; (4) charged excessive late fees; (5) failed to disclose the number of payments; and (6) did not contain the required notice in the installment contract. The Somers argue they have a private cause of action under RISA, § 31-1-203, MCA (2009), barring Cherry Creek and RJC Investment from recovery of any finance, delinquency, or collection charge on the installment contract. In the alternative, the Somers argue for the first time on appeal that it is not necessary to find a private right of action under RISA, because the Uniform Declaratory Judgment Act, § 27-8-102, MCA, provides a private cause of action for determination of rights under a contract.
¶10 "It is well established that laws existing at the time a contract is formed become part of the contract." Earls v. Chase Bank of Tex., N.A. , 2002 MT 249, ¶ 12, 312 Mont. 147, 59 P.3d 364. The Somers entered the installment contract in August 2010 under the 2009 version of RISA. The 2009 version of RISA therefore controls.[1]
***393 ¶11 "[A] party is not entitled to obtain private enforcement of a regulatory statute that is not intended by the legislature to be enforceable by private parties." Mark Ibsen, Inc. v. Caring for Montanans, Inc. , 2016 MT 111, ¶ 41, 383 Mont. 346, 371 P.3d 446. However, this Court has recognized that under certain limited circumstances, the Legislature's failure to specify a private cause of action "is not inconsistent with an intent on its part to have such a remedy available to the persons benefitted by its legislation." Wombold v. Assocs. Fin. Servs. Co. of Mont., Inc. , 2004 MT 397, ¶ 37, 325 Mont. 290, 104 P.3d 1080 (citing Cannon v. Univ. of Chicago , 441 U.S. 677, 717, 99 S. Ct. 1946, 1968 (1979) ). Therefore, the "question of whether a statute creates a private cause of action by implication is a matter of statutory construction." Wombold , ¶ 31. In Wombold , this Court developed a four-factor test ( Wombold test) to determine whether a statutory scheme confers a private cause of action. The Wombold test leads this Court to determine whether the Somers' interpretation of RISA: (1) is consistent with RISA as a whole; (2) reflects legislative intent considering the plain language of § 31-1-203, MCA (2009); (3) is reasonable and avoids an absurd result; and (4) is consistent with the Department of Administration's (Department) construction of RISA, should one exist. Wombold , ¶ 31 ; Mark Ibsen , ¶¶ 47-49.
*1284 ¶12 First, the interpretation that RISA conveys a private right of action is not consistent with this Court's reading of RISA as a whole. The purpose of RISA was to establish an administrative process through which to protect retail buyers from holders of retail installment contracts not in compliance with the provisions of the Act. RISA authorizes the Department to: "adopt rules necessary to carry out the intent and purposes of [RISA]"; to investigate those "it considers necessary" to ensure compliance with RISA; to require licensure to engage in the business of a sales finance company in Montana; and to deny, suspend, or revoke licenses for "failure to comply with any provision of this part relating to retail installment contracts," "defrauding any retail buyer to the buyer's damage," or fraudulent misrepresentation. Sections 31-1-211, -212(1), -221, -222(1), MCA (2009). RISA requires the Department to enforce its provisions, not private parties. The Somers' argument does not pass the first prong ***394 of the Wombold test.
¶13 Second, the plain language of § 31-1-203, MCA (2009), does not reflect legislative intent to confer a private right of action. While the Somers argue that the plain language of § 31-1-203(4), MCA, creates a private right of action, the Somers cite the 2017 version of RISA. The 2009 version of RISA controls and does not contain this provision. Section 31-1-203(2), MCA (2009), states: "Any person violating 31-1-231 through 31-1-243, except as the result of an accidental and bona fide error of computation, shall be barred from recovery of any finance, delinquency, or collection charge on the contract." A plain reading of this provision does not expressly indicate the Legislature's intent to include a private right of action.
¶14 The Somers argue that the purpose of RISA is to protect consumers, and that this Court has previously held that "under certain limited circumstances," the plain language of a statute can support the conclusion that an implied private right of action exists when the statute "has granted a class of persons certain rights." Wombold , ¶¶ 31, 37 (citing Cannon , 441 U.S. at 695, 99 S.Ct. at 1956 ). "[T]he [L]egislature would not enact a remedial statute granting rights to an identifiable class without enabling members of that class to enforce those rights. Without an implicit creation of a remedy, the statute is meaningless." Wombold , ¶ 37.
¶15 RISA, however, does not grant a class of persons certain rights. RISA is an administrative statute authorizing the Department to enforce its provisions. Retail buyers are not left without a remedy under this Court's interpretation of RISA. Pursuant to § 31-1-212(2), MCA, a "retail buyer having reason to believe that this part relating to the buyer's retail installment contract has been violated may file with the [D]epartment a written complaint setting forth the details of the alleged violation."
¶16 Furthermore, in Wombold , this Court found the inclusion of an attorney fees provision in the Montana Consumer Loan Act (CLA), Title 32, Chapter 5, MCA, indicative of legislative intent to allow for an implied private right of action. Wombold , ¶ 43. This Court held,
the express language allowing the prevailing party to recover attorney fees 'in any action on a contract entered into pursuant to the provisions of the [CLA]' so long as such an award is provided for in the parties' contract, is in accord with the ... conclusion that an implied right of action is consistent with the legislative purpose in enacting the act.
Wombold , ¶ 43 (citing § 32-5-407(1), MCA ). RISA contains no such attorney fee recovery provision. Accordingly, this Court finds no ***395 express or implied private right of action based on a plain reading of RISA. The Somers' argument does not pass the second prong of the Wombold test.
¶17 Third, this Court agrees with the District Court's finding that vesting the cause of action solely in the Department to bar sellers from collecting finance charges is not an absurd result. While this Court has held that the enactment of a remedial statute granting rights to an identifiable class without enabling members of that class to enforce those rights is an absurd result, such is not the case here. See Wombold , ¶ 37 ; Mark Ibsen , ¶ 33. As stated above, RISA is an administrative statute through which retail buyers may complain to the Department when holders of *1285 retail installment contracts violate provisions of RISA. See § 31-1-212(2), MCA. Expansion of this Court's interpretation of RISA to include a private right of action "is neither reasonable nor required to avoid absurd results." Mark Ibsen , ¶ 48. The Somers' argument fails the third prong of the Wombold test.
¶18 Finally, the legislative history under RISA is sparse and does not provide clear guidance as to whether the Department itself placed a construction on the statute. Nevertheless, the Legislature's intent to grant authority to the Department to carry out the intent of RISA is express and persuasive.
¶19 The Somers are not entitled to obtain private enforcement of RISA because a plain reading of RISA supports the conclusion that the Legislature did not intend RISA to be enforceable by private parties. Rather, the Legislature intended the statute to be enforced administratively by the Department. Because this Court agrees that no genuine issue of material fact exists and Cherry Creek and RJC Investment are entitled to judgment as a matter of law, the District Court did not err in granting summary judgment to Cherry Creek and RJC Investment.
¶20 Moreover, this Court will not address the propriety of whether a declaratory judgment action may be used to determine the existence of a potential contract defense. This issue was not raised below and the District Court had no opportunity to address the issue. The Court declines to address a new legal theory raised for the first time on appeal. McCoy v. First Citizens Bank , 2006 MT 307, ¶ 23, 335 Mont. 1, 148 P.3d 677 ; Nelson v. Davis , 2018 MT 113, ¶ 13, 391 Mont. 280, 417 P.3d 333 ; Becker v. Rosebud Operating Servs. , 2008 MT 285, ¶ 17, 345 Mont. 368, 191 P.3d 435 ; In re M.C. , 2017 MT 252, ¶ 14, 389 Mont. 78, 403 P.3d 1266 (holding "it is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the ***396 opportunity to consider"). In "order to preserve a claim or objection for appeal, an appellant must first raise that specific claim or objection in the district court." In re M.C. , ¶ 14.
¶21 In District Court, the Somers filed a putative class action seeking a declaratory judgment for themselves and all others similarly situated that RISA barred Cherry Creek and RJC Investment from recovery of any interest, finance charges, or late charges on the installment contract. They argued that RISA conferred a private cause of action and Cherry Creek and RJC Investment violated provisions of RISA. Accordingly, the District Court addressed those arguments. The Somers now argue on appeal that the Uniform Declaratory Judgment Act, § 27-8-102, MCA, entitles them to a declaratory judgment assessing the validity of a defense even before an affirmative action has been filed. This argument was not raised below and will not be addressed here. In this appeal, we decline to opine regarding the validity of potential defenses available to the Somers in separate contract actions alleging default by the Somers on the installment contract.
CONCLUSION
¶22 The 2009 version of RISA controls in this case and does not confer a private cause of action.
¶23 Affirmed.
We concur:
MIKE McGRATH, C.J.
JAMES JEREMIAH SHEA, J.
BETH BAKER, J.
DIRK M. SANDEFUR, J.

On November 2, 2010, the 2009 version of RISA was amended and approved by the general election. The amendment added a sentence to § 31-1-203(2), MCA (2009), providing: "In addition to other penalties provided by law, a violation of subsection (3) and a contract made in violation of the finance charge limitations imposed by 31-1-241 is a violation of [the Montana Consumer Protection Act]." The amendment applied to transactions entered on or after January 1, 2011, and was improperly cited by the District Court. The Legislature further excluded mobile homes from the definition of "goods" pursuant to the 2011 version of RISA. Section 31-1-201, MCA (2011).