Chief Justice Mike McGrath delivered the Opinion of the Court.
***350 ¶1 Plaintiff Lisa Strauser appeals from an order of the Thirteenth Judicial District Court, Yellowstone County, granting a motion to dismiss in favor of Defendant RJC Investment, Inc. We affirm in part and reverse in part.
¶2 We restate the issues on appeal as follows:
1. Whether consumers have a private right of action under the 2007 version of the Montana Retail Installment Sales Act.
2. Whether the statutory provisions contained in the Montana Retail Installment Sales Act apply to a retail installment contract not enforced by the Department of Administration.
FACTUAL AND PROCEDURAL BACKGROUND
¶3 On January 15, 2009, Strauser purchased a mobile home for $50,000 from Cherry Creek Development, Inc. (Cherry Creek) in Billings, Montana. Strauser paid $2,500 down and financed the remainder through an Installment Sales Contract and Security Agreement (Agreement), which Cherry Creek later assigned to RJC Investment, Inc. (RJC Investment). The Agreement required Strauser to make monthly payments of $482 with a variable interest rate over a fifteen-year period and to pay a $50 late fee for any late payments. Between 2009 and 2016, Strauser alleges that RJC Investment assessed $3,300 in late fees against her and failed to disclose the amount of the finance charge.
¶4 Strauser filed an action in District Court seeking a declaratory judgment pursuant to the Uniform Declaratory Judgment Act (UDJA), Title 27, chapter 8, MCA, clarifying her rights and obligations under the Agreement. Strauser further asserted that provisions of the Montana Retail Installment Sales Act (RISA), Title 31, chapter 1, part 2, MCA, (2007), barred RJC Investment from collecting fees under the Agreement because Cherry Creek and RJC Investment had violated RISA by failing to disclose the finance charge and collecting excessive late fees. RJC Investment moved to dismiss Strauser's complaint for failure to state a claim pursuant to M. R. Civ. P. 12(b)(6). On March 29, 2018, the District Court granted RJC Investment's M. R. Civ. P. 12(b)(6) motion on the basis that the 2009 version of RISA did not confer a private cause of action. Strauser appeals.
***351 STANDARD OF REVIEW
¶5 This Court reviews a district court's grant or denial of a motion to dismiss pursuant to M. R. Civ. P. 12(b)(6) de novo. Meagher v. Butte-Silver Bow City-Cty. , 2007 MT 129, ¶ 13, 337 Mont. 339, 160 P.3d 552. "A district court's determination that a complaint failed to state a claim presents a conclusion of law," which this Court reviews for correctness. Renenger v. State , 2018 MT 228, ¶ 5, 392 Mont. 495, 426 P.3d 559. This Court *806 views the complaint in the light most favorable to the non-moving party, and affirms a District Court's dismissal only where the "non-moving party would not be entitled to relief based on any set of facts that could be proven to support the claim." Renenger, ¶ 5 .
DISCUSSION
¶6 1. Whether consumers have a private right of action under the 2007 version of the Montana Retail Installment Sales Act.
¶7 On appeal, Strauser asserts six violations of RISA including that Cherry Creek and RJC Investment: (1) failed to disclose the finance charge; (2) failed to disclose the total amount of the time balance, stated as one sum in dollars and cents; (3) prematurely assessed late fees; (4) charged excessive late fees; (5) failed to disclose the number of payments; and (6) did not contain the required notice in the Agreement. Strauser argues that she has a private cause of action pursuant to RISA, § 31-1-203(2), MCA (2007), which states: "Any person violating 31-1-231 through 31-1-243, except as the result of an isolated accidental and bona fide error of computation, shall be barred from recovery of any finance, delinquency, or collection charge on the contract." We disagree. In Somers v. Cherry Creek Dev., Inc. , 2019 MT 101, 395 Mont. 389, 439 P.3d 1281, this Court held that the 2009 version of RISA did not confer a private right of action. While the 2007 version of RISA controls in this case, the same analysis applies.[1]
¶8 "[A] party is not entitled to obtain private enforcement of a regulatory statute that is not intended by the legislature to be enforceable by private parties." Mark Ibsen, Inc. v. Caring for Montanans, Inc. , 2016 MT 111, ¶ 41, 383 Mont. 346, 371 P.3d 446. In ***352 Wombold v. Assocs. Fin. Servs. Co. of Mont., Inc. , 2004 MT 397, ¶ 36, 325 Mont. 290, 104 P.3d 1080, this Court developed a four-factor test ( Wombold test) to determine whether a statutory scheme confers a private cause of action. Somers , ¶ 11. Consistent with this Court's analysis and application of the Wombold test in Somers , the Legislature did not intend the 2007 version of RISA to confer a private cause of action. Somers , ¶ 19. "RISA is an administrative statute authorizing the Department to enforce its provisions," not private parties. Somers , ¶ 15.
¶9 2. Whether the statutory provisions contained in the Montana Retail Installment Sales Act apply to a retail installment contract not enforced by the Department of Administration.
¶10 This Court has recently reviewed several installment contracts governing the relationship between mobile home purchasers and RJC Investment. See Kapor v. R.J.C. Inv., Inc. , 2019 MT 41, 394 Mont. 311, 434 P.3d 869 ; Hutzenbiler v. R.J.C. Inv., Inc. , 2019 MT 80, 395 Mont. 250, 439 P.3d 378 ; Christman v. Clause , 2019 MT 132, 396 Mont. 142, 443 P.3d 472 ; Somers . While each case presented nuanced issues, this Court has uniformly held that Article 9A of Montana's adopted version of the Uniform Commercial Code (U.C.C.) governs contracts involving secured transactions, including the present Agreement, subjecting "both the debtor and creditor parties to additional obligations and rights." Christman , ¶¶ 12-13. While the statutory provisions of the U.C.C. are not presently at issue, this Court wishes to contextualize our prior holdings in Kapor , Hutzenbiler , Christman , and Somers , with the present facts.
¶11 Title 30, chapter 9A, part 6, MCA, governs default in secured transactions, and is triggered by the debtor's default. Kapor , ¶ 11 ; Hutzenbiler , ¶ 14 (citing § 30-9A-601, MCA ). In the event of Strauser's default and RJC Investment's repossession and disposition of the mobile home, our holdings in Kapor , Hutzenbiler , and Christman , make clear that "termination of the security interest does not do away with the obligations of a creditor under Title 30, Chapter 9A," including the debtor's right to *807 an accounting for or payment of surplus proceeds of collateral. Christman , ¶ 15.
¶12 However, it is unclear from the record and the briefing whether Strauser is currently in default. This Court declines to conduct an independent review of the District Court record to decide sua sponte whether Strauser is in default, triggering the statutory provisions of Title 30, chapter 9A, part 6, MCA. See Hutzenbiler , ¶ 14. Therefore, this Court takes the case in the procedural posture presented.
¶13 Strauser asserts she is uncertain whether RJC Investment can ***353 lawfully collect the finance charges and late fees under the Agreement and that a declaratory judgment pursuant to UDJA would relieve the parties from uncertainty. Specifically, Strauser alleges that RJC Investment has already unlawfully assessed $3,300 in late fees against her and refused to disclose the finance charge. She seeks a declaratory judgment to determine whether the Agreement lawfully requires her to continue to pay the fees in question. Strauser presents an existing and genuine dispute. Because Strauser and RJC Investment have existing rights and interests under the Agreement, and the District Court's judgment will clarify those legal rights and obligations, Strauser presents a justiciable controversy. See Marshall v. Safeco Ins. Co. , 2018 MT 45, ¶ 10, 390 Mont. 358, 413 P.3d 828.
¶14 In Somers , this Court declined to address whether the plaintiffs could seek a declaratory judgment clarifying the rights and obligations of the parties under a retail installment contract. Somers , ¶ 21. However, the plaintiffs in Somers filed a putative class action in district court seeking a declaratory judgment that RISA barred Cherry Creek and RJC Investment from recovery of any interest, finance charges, or late fees on the installment contract. While they asked for the same declaratory relief as Strauser on appeal, the issue was not properly raised in district court. Somers , ¶ 20. Here, Strauser sought a declaratory judgment pursuant to UDJA in District Court to clarify whether she owed illegally assessed money on the Agreement. Accordingly, this Court will now address the issue on appeal.
¶15 The purpose of UDJA is "to settle and to afford relief from uncertainty and insecurity as to rights, status, and other legal relations." Section 27-8-102, MCA ; Lee v. State , 195 Mont. 1, 6, 635 P.2d 1282, 1284 (1981). UDJA is remedial and "is to be liberally construed and administered." Section 27-8-102, MCA ; Lee , 195 Mont. at 6, 635 P.2d at 1284. Section 27-8-202, MCA, states:
Any person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status, or other legal relations thereunder.
"Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not future relief is or could be claimed." Section 27-8-201, MCA.
¶16 The courts' statutory power under UDJA to answer questions of contractual construction does not conflict with the Department of ***354 Administration's statutory power under RISA to enforce the provisions of RISA. While UDJA "is primarily intended to determine the meaning of a law or a contract and to adjudicate the rights of the parties therein," it is clear that UDJA is not intended "to determine controversial issues of fact." Tarlton v. Kaufman , 2008 MT 462, ¶ 33, 348 Mont. 178, 199 P.3d 263 (quoting Raynes v. Great Falls , 215 Mont. 114, 120-21, 696 P.2d 423, 427 (1985) ).
¶17 Strauser sought from the District Court a construction of the Agreement she signed with Cherry Creek and a determination whether certain of the construed provisions violate state law. Her action fits squarely within UDJA's liberally constructed purpose to settle and afford relief from uncertainty and insecurity with respect to rights and obligations under a written contract. See United Nat'l Ins. Co. v. St. Paul Fire & Marine Ins. Co. , 2009 MT 269, ¶ 36, 352 Mont. 105, 214 P.3d 1260.
*808 ¶18 Strauser contends she should not have to wait for RJC Investment to file an eviction proceeding against her to clarify whether RJC Investment can legally collect the finance charge and late fees it has been charging. UDJA exists to remedy such uncertainty. Whether RJC Investment can lawfully collect these fees under the Agreement is a question of contractual construction, does not involve a controverted issue of fact, and is within the purview of the District Court to decide. Without such a remedy, the purchaser under a retail installment contract would be forced to pay the assessed fees even if the assessed fees violated Montana law, or default and risk the loss of his or her home. UDJA lawfully enables Strauser to determine whether she has a valid contractual defense for default under the Agreement "whether or not future relief is or could be claimed" at the time the action is filed. See § 27-8-201, MCA.
¶19 While the dissent argues that a declaratory judgment in this instance amounts to an advisory opinion because no justiciable controversy exists, the statutory language of § 27-8-201, MCA, is clear.
Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.
Section 27-8-201, MCA. While UDJA "does not license litigants to fish in judicial ponds for legal advice," under the narrow circumstances presented, Strauser was entitled to a declaratory judgment clarifying ***355 whether the Agreement lawfully obligates her to pay a finance charge and late fees assessed by RJC Investment. See Mont. Dep't of Nat. Res. & Conservation v. Intake Water Co. , 171 Mont. 416, 440, 558 P.2d 1110, 1123 (1976). The District Court erred in dismissing Strauser's motion for failure to state a claim, because Strauser properly asked the District Court for a declaratory judgment clarifying her "rights, status, or other legal relations" under the Agreement in light of the provisions of RISA. See § 27-8-102, MCA.
¶20 We reverse the District Court's decision to dismiss Strauser's complaint for failure to state a claim on this issue, and remand this proceeding to the District Court to clarify Strauser's rights and legal obligations under the Agreement. Accordingly, the District Court must decide whether Strauser's Agreement with Cherry Creek is a retail installment contract pursuant to § 31-1-202(n), MCA (2007). If the Agreement meets the definition of a retail installment contract pursuant to § 31-1-202(n), MCA (2007), the provisions of §§ 31-1-501 and -502, MCA (2007), do not apply.[2] Rather, the provisions of RISA dictate the legal requirements for finance charges and late fees under a retail installment contract. See §§ 31-1-231, -235, -236, -241, MCA (2007). The District Court order should clarify whether the Agreement obligates Strauser to pay the finance charge and late fees assessed pursuant to the provisions of the Agreement, which Strauser may rely upon in the event of a default action filed against her.
CONCLUSION
¶21 The 2007 version of RISA controls in this case and does not confer a private cause of action. Strauser cannot privately sue to employ the enforcement provisions of RISA.
¶22 However, the District Court erred in dismissing Strauser's complaint for failure to state a claim. This Court remands this proceeding to the District Court to issue a declaratory judgment construing the legal rights and obligations of the parties under the Agreement.
¶23 Affirmed in part, reversed in part, and remanded for further proceedings consistent with this Opinion.
We Concur:
DIRK M. SANDEFUR, J.
INGRID GUSTAFSON, J.
JAMES JEREMIAH SHEA, J.

"It is well established that laws existing at the time a contract is formed become part of the contract." Earls v. Chase Bank of Tex., N.A. , 2002 MT 249, ¶ 12, 312 Mont. 147, 59 P.3d 364. Strauser entered the Agreement with Cherry Creek in January 2009 under the 2007 version of RISA. The 2007 version of RISA therefore controls. At the time of sale, installment sales of mobile homes were covered by the 2007 version of RISA. See § 31-1-102(1)(d), MCA.

Conversely, if the Agreement is not a retail installment contract, and the property subject to the Agreement meets the definition of "goods" in § 31-1-202, MCA, then §§ 31-1-501 and -502, MCA, apply.