FILED

04/20/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0442

DA 20-0442

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 97N

BRIAN D. SMITH,

   Plaintiff and Appellant,

  v.

ED SHEEHY,

   Defendant and Appellee.

APPEAL FROM:  District Court of the Fourth Judicial District,
        In and For the County of Missoula, Cause No. DV-20-209
        Honorable Leslie Halligan, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

     Brian D. Smith, Self-represented, Deer Lodge, Montana

   For Appellee:

     Rutherford B. Hayes, Risk Management and Tort Defense Division,
     Helena, Montana

           Submitted on Briefs: March 17, 2021

              Decided: April 20, 2021

Filed:

       _____
           Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Brian Smith (Smith) appeals from the July 29, 2020 Order Granting Defendant's Motion to Dismiss issued by the Fourth Judicial District Court, Missoula County. We affirm.

¶3 In 2012, Smith sought legal advice from attorney Ed Sheehy (Sheehy) as to a potential appeal of his conviction and sentence in DC 11-161. Sheehy advised Smith he could not appeal since his sentence was within the statutory term for aggravated assault. Sheehy further advised that Smith could, on his own, pursue postconviction relief. Nearly a year later, on June 11, 2013, Smith filed a petition for out-of-time appeal. On July 10, 2013, we denied Smith's petition for an out-of-time appeal in which he sought to attack his conviction through appeal of the denial of his motion to withdraw his guilty plea. We determined Smith had not demonstrated record-based claims necessary for direct appeal and his appeal was "very untimely." *State v. Smith*, No. DA 13-0399, Order (Mont. July 10, 2013). Smith later filed a petition for a writ of habeas corpus, again attacking his conviction, this time asserting it to be void as he did not receive a "predetermination hearing" before the prosecution commenced. On April 12, 2016, we denied Smith's habeas

2

petition, concluding the District Court did have subject matter jurisdiction to proceed with his prosecution and his claims were barred by principles of claim preclusion. *Smith v. Fender*, No. OP 16-0205, 384 Mont. 551, 384 P.3d 40 (Apr. 12, 2016).

¶4 On February 18, 2020, Smith filed a Complaint essentially asserting a legal malpractice claim against Sheehy. Sheehy, in turn, filed his Rule 12(b)(6) Motion to Dismiss Complaint, asserting Smith failed to state a claim upon which relief could be granted as Smith's claim was time-barred by the applicable statute of limitations. The District Court concluded Smith's potential claim against Sheehy expired in 2016, years before Smith brought his claim in February 2020, and granted Sheehy's motion to dismiss. The District Court also denied Smith's motion to amend his Complaint.

¶5 From our review of the record, we find no error on the part of the District Court either in regard to dismissal of the Complaint or in precluding Smith from amending his Complaint.

¶6 "We review de novo a district court's ruling on a motion to dismiss pursuant to M. R. Civ. P. 12(b)(6)." *Marshall v. Safeco Ins. Co.*, 2018 MT 45, ¶ 6, 390 Mont. 358, 413 P.3d 828. A district court should not dismiss a complaint for failure to state a claim unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Marshall*, ¶ 6. A district court's determination that a

complaint has failed to state a claim for which relief can be granted is a conclusion of law, which we review for correctness. *Marshall*, ¶ 6.[1]

¶7 In his Complaint, Smith asserted Sheehy committed legal malpractice when he advised Smith in July 2012, he did not have a good faith basis to appeal and would need to instead pursue postconviction relief in his criminal case. Smith asserted this purportedly bad advice caused him to lose the right to contest his conviction and/or sentence through appeal. Smith also asserted Sheehy fraudulently concealed his malpractice or deceived Smith.[2]

¶8 To avoid being barred, Smith was required to bring his legal malpractice claim against Sheehy within 3 years after he discovered, or through use of reasonable diligence should have discovered, the malpractice act, error, or omission. *See* § 27-2-206, MCA. On

---

[1] Smith asserts the District Court should have converted Sheehy's 12(b)(6) motion into one for summary judgment as the District Court referenced his 2016 postconviction relief action—which he asserts to be outside the record—in granting Sheehy's motion to dismiss. Under the circumstances here, we do not agree. In his Complaint, Smith incorporated by reference this Court's September 25, 2018 order, which discussed his prior appellate history, including the July 10, 2013 order and May 8, 2018 opinion of this Court. Taking judicial notice of this order and opinion and considering them in relation with Smith's Complaint did not convert this matter to one of summary judgment.

[2] It is difficult to ascertain whether Smith asserts fraudulent concealment as a means of tolling the statute of limitations for legal malpractice or as a stand-alone deceit claim. Although Smith's Complaint asserted the limitations period for his legal malpractice claim must be tolled under the doctrine of fraudulent concealment because misrepresentations by Sheehy and others prevented him from discovering the malpractice, he also uses the term "fraudulent concealment" in a way that implies he may consider it an independent claim. We agree with the District Court that in this context it is less of an independent cause and more of an asserted reason to toll the limitation period of his legal malpractice claim. We also agree with the District Court that if treated as an independent cause, under either a two- or three-year limitations period for deceit, the statute of limitations expired in mid-2015 at the latest—nearly five years before Smith filed his Complaint.

June 11, 2013, Smith filed a petition for out-of-time appeal. From his filing of this petition, it is clear Smith recognized he had a right of appeal, but for its untimely nature. In our July 10, 2013 order denying the out-of-time appeal, we did not indicate Smith was prohibited from appealing but rather his appeal was "very untimely" and that Smith failed to demonstrate record-based claims necessary to support a direct appeal. We agree with the District Court that as of our July 10, 2013 order, Smith was on notice that he had the right of appeal and could have appealed his conviction and/or sentence and raised the various issues he subsequently attempted to assert through his petitions for an out-of-time appeal and for habeas corpus. Smith became aware of Sheehy's asserted malpractice[3]— the statement by Sheehy to Smith that he had no right to appeal when he did have a right to appeal provided it was timely—no later than July 10, 2013. Thus, the statute of limitations on his malpractice claim against Sheehy began to run July 10, 2013, and expired three years later. Smith did not file his legal malpractice claim until February 18, 2020— 3 years and 7 months too late. The District Court correctly dismissed Smith's Complaint.

¶9      We review a district court's denial of a motion to amend a complaint for an abuse of discretion. *Hansen v. Bozeman Police Dep't*, 2015 MT 143, ¶ 11, 379 Mont. 284, 350 P.3d 372. As Smith did not amend his Complaint within 21 days of serving it, he was required to seek leave of court to do so. M. R. Civ. P. 15(a)(2). Despite the Rule's directive that "[t]he court should freely give leave when justice so requires," M. R. Civ. P. 15(a)(2),

---

[3] We make no determination here as to whether Sheehy's advice constituted legal malpractice had Smith filed his claim within the limitations period.

we find no error in the District Court's denial of Smith's motion seeking leave to amend his Complaint. Smith failed to follow the Fourth Judicial District Local Rule 3(H) requiring motions for leave to amend to be accompanied by the proposed amended pleading nor did he indicate in his motion how he intended to amend his Complaint. As such, the District Court could not evaluate the legal sufficiency of the proposed amendment or whether it corrected any deficiency of the original pleading. Replacing one deficient pleading with another deficient pleading would not constitute "when justice so requires." Under these circumstances, we cannot conclude the District Court abused its discretion in denying Smith's motion to amend his Complaint

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶11 Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ DIRK M. SANDEFUR
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA